IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHELLE WILLIAMS,

            Plaintiff,

v.

FEDLOAN SERVICING, DOES, *1 through 100 inclusive*,

            Defendants.

Case No. 3:21-cv-00374-JR

OPINION AND ORDER

MOSMAN, J.,

On August 10, 2021, Magistrate Judge Jolie Russo issued her Findings and Recommendation ("F. & R.") [ECF 29]. Judge Russo recommends that I deny Defendant FedLoan's Motion for Judgment on the Pleadings. Defendant filed objections to the F. & R. on September 7, 2021. [ECF 34]. Plaintiff Michelle Williams responded. [ECF 35]. I agree with Judge Russo that the Motion for Judgment on the Pleadings should be denied, but I rest my conclusion on different grounds.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate

1 – OPINION AND ORDER

judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Plaintiff Michelle Williams alleges that her FICO credit score has been negatively impacted by inaccurate or incomplete reporting by FedLoan, which formerly serviced an account held by Ms. Williams. F. & R. at 1–2. Ms. Williams alleges the account in question was closed due to a transfer in or about March of 2017 and is not currently past due. Compl. [ECF 1] ¶ 10. She also alleges that as of March 2021, FedLoan continues to report a status of "at least 120 days or more than four payments past due." *Id.* ¶ 58.

In its amended answer to Ms. Williams's complaint, FedLoan attached a document that appears to show reporting information for Ms. Williams's account. Answer [ECF 17] Ex. 1. FedLoan did not file a declaration authenticating this document. Ms. Williams raises the issue of Defendant's unauthenticated report in her Objections to the F. & R.. Pl.'s Obj. [ECF 35] at 2 ("Upon a review of the procedural record in this case, the Court will also see that FedLoan's purported reporting is itself unauthenticated.")

2 – OPINION AND ORDER

When Ms. Williams responded to FedLoan's Motion for Judgment on the Pleading, she included an exhibit that appears to show information, in a different format and from a different website than FedLoan's, for Ms. Williams' account. Pl.'s Resp. in Opp'n [ECF 22] Ex. 1. In its objections to the F & R., FedLoan appears to continue to object to the authenticity of Ms. William's exhibit. Def.'s Obj. [ECF 34] at 3.

## DISCUSSION

In the F. & R., Judge Russo analyzes whether the reporting that occurred was incomplete or inaccurate under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). F. & R. at 4. I do not believe that the analysis Judge Russo undertook is necessary at this time because the document relied on by Judge Russo in the F. & R. and the documents submitted by the parties to the Court are in dispute and have not been authenticated.

This case is procedurally akin to *White v. Experian Solutions Inc.*, Case No. 3:21-cv-00396-HZ, where Chief Judge Hernández denied the defendant's motion for judgment on the pleadings because (1) "The parties dispute the accuracy and authenticity of each other's documents," and (2) "Neither party has submitted a declaration authenticating these documents." Case No. 3:21-cv-00396-HZ [ECF 58].

Therefore, because the parties in this case dispute the accuracy and authenticity of these documents and neither party has submitted a declaration authenticating these documents, I DENY the Motion for Judgment on the Pleadings [ECF 20]. The parties may raise these same arguments at summary judgment with the appropriate documentation.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation that the Motion for Judgment on the Pleadings be DENIED. However, I do not adopt her F. & R. [ECF 29] as

3 – OPINION AND ORDER

my own opinion. Instead, I DENY the Motion for Judgment on the Pleadings [ECF 20] as premature due to the issues discussed above with the parties' exhibits.

IT IS SO ORDERED.

DATED this ___ day of November, 2021.

MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER